UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NANA QUEENIE LAWRENCE,<br><br>　　　　　　　Plaintiff,<br><br>-against-<br><br>240 ELIZABETH OWNER LLC, CLARE V., LLC and CLARE V., THE SHOP, NEW YORK, LLC,<br><br>　　　　　　　Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded** |

**INJUNCTIVE RELIEF SOUGHT**

Plaintiff, NANA QUEENIE LAWRENCE, on behalf of herself and for the benefit of all others similarly situated, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable rules, statutes, regulations, and governing legal authorities, hereby files the instant Complaint against Defendants, 240 ELIZABETH OWNER LLC, CLARE V., LLC and CLARE V., THE SHOP, NEW YORK, LLC, and for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

**NATURE OF THE CLAIMS**

1.　　This lawsuit opposes pervasive, ongoing, and inexcusable disability discrimination by Defendants. In this action, Plaintiff seeks declaratory, injunctive, and equitable relief, as well as monetary damages and attorney's fees, costs, and expenses, to redress Defendants' unlawful disability discrimination against Plaintiff, in violation of Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§ 12181 et seq. and its implementing regulation, the New

York State Executive Law (the "Executive Law") § 296, and the Administrative Code of the City of New York (the "Admin. Code") § 8-107.

2. Plaintiff also alleges a claim for negligence. As explained more fully below, Defendants own, lease, lease to, operate, and/or control a place of public accommodation that violates the above-mentioned laws. Defendants are vicariously liable for the acts and omissions of their employees and agents for the conduct alleged herein.

## JURISDICTIONAL ALLEGATIONS

3. This is an action for injunctive relief for violations of the ADA entitling Plaintiff to attorneys' fees, litigation expenses, and costs expended in pursuing this action, in accordance with 28 U.S.C. § 12181 *et seq.*

4. Defendant 240 ELIZABETH OWNER LLC (hereinafter "240 ELIZABETH") is a domestic limited liability company licensed to and doing business in New York State.

5. Defendant ELIZABETH is the owner of the property located at 240 Elizabeth Street, City of New York, County of New York, State of New York (hereinafter the "Premises").

6. Defendant CLARE V., LLC (hereinafter "CLARE LLC") is a domestic limited liability company licensed to and doing business in New York State.

7. Defendant CLARE LLC is the operator of the retail establishment located on the Premises.

*NANA QUEENIE LAWRENCE v 240 ELIZABETH OWNER LLC et al*
*Complaint*
2 | P a g e

8. Defendant and CLARE V., THE SHOP, NEW YORK, LLC, (hereinafter "THE SHOP LLC") is a domestic limited liability company licensed to and doing business in New York State.

9. Defendant THE SHOP LLC is the operator of the retail establishment located on the Premises.

10. Defendants, 240 ELIZABETH, CLARE LLC and THE SHOP LLC are collectively referred to herein as "Defendants."

11. Plaintiff is an adult female confined to a wheelchair. Plaintiff is incapable of moving around outside of her home without assistance and a wheelchair. She has further restrictions caring for herself and performing other tasks associated with daily living.

12. Plaintiff resides in Brooklyn, New York.

13. This Court has original jurisdiction over claims arising under Title III of the ADA (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 & 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADA. This Court has supplemental jurisdiction over Plaintiff's related claim(s) arising under the New York State and City laws pursuant to 28 U.S.C. § 1367(a).

14. Venue properly lies in the Southern District of New York, pursuant to 28 U.S.C. §1391, because Defendants' act(s) of discrimination alleged herein occurred in this district, and Defendants' place of public accommodation that is the subject of this action is located in this district.

NANA QUEENIE LAWRENCE *v* 240 ELIZABETH OWNER LLC et al
*Complaint*
3 | P a g e

## **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

15. Defendants are public accommodations, as they own, lease, lease to, control, or operate a place of public accommodation, "CLARE," located at the Premises, within the meaning of the ADA (42 U.S.C. §12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)), and the Admin. Code (§ 8-102(9)), which includes retail clothing establishment open to the public.

16. Defendants are public accommodations, as they own, lease, lease to, control, or operate a place of public accommodation, "THE SHOP" located at the Premises, within the meaning of the ADA (42 U.S.C. §12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)), and the Admin. Code (§ 8-102(9)), which includes retail clothing establishment open to the public.

17. CLARE is a place of public accommodation within the meaning of the ADA (42 U.S.C. §12181 and 28 C.F.R. § 36.104), the Executive Law (§ 292(9)), and the Admin. Code (§ 8-102(9)), as the facility is operated by a private entity as a retail clothing establishment, specifically within the definition of "public accommodation" required to be accessible, and its operations affect commerce.

18. On or about September 9, 2023, Plaintiff attempted to access the business.

19. On or about September 9, 2023, Plaintiff discovered that the vestibule is not navigable by wheelchair at Defendants' place of public accommodation that prevents and/or restricts access to Plaintiff, a person with a disability.

20. The services, features, elements, and spaces of Defendants' place of

*NANA QUEENIE LAWRENCE v 240 ELIZABETH OWNER LLC et al*
*Complaint*
*4 | P a g e*

public accommodation are not readily accessible to, or usable by, Plaintiff, as required by the ADA Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A, and adopted by the United States Department of Justice in 1991, or the revised final regulation implementing Title III of the ADA adopted by the United States Department of Justice in 2010 (all hereinafter referred to as the "Accessibility Standards").

21. The services, features, elements, and spaces of Defendants' place of public accommodation are not readily accessible to, or usable by Plaintiff, as required by the Admin. Code § 27-292 *et. seq*.

22. Because of Defendants' failure to comply with the above-mentioned laws, including but not limited to the Accessibility Standards and the Admin. Code, Plaintiff was and has been unable to enjoy equal and complete access to Defendants' place of public accommodation.

23. Defendants' place of public accommodation has not been designed, constructed, or altered in compliance with the Accessibility Standards, the Admin. Code, or the Building Code of the City of New York ("BCCNY").

24. Plaintiff and her primary caretaker enjoy going out for daily activities, such as shopping and patronizing local businesses. Plaintiff cannot perform daily activities outside the house without assistance and a wheelchair.

25. Plaintiff visited the property which forms the basis of this lawsuit but encountered architectural barriers at the subject property precluding her from reasonably accessing the services provided to non-disabled individuals. The barriers to access at the Premises have deterred Plaintiff from availing herself of

*NANA QUEENIE LAWRENCE v 240 ELIZABETH OWNER LLC et al*
*Complaint*
5 | P a g e

and are denying her the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities, and accommodations at Defendants' property equal to that afforded to other individuals.

26. Defendants have and continue to discriminate against Plaintiff and other similarly situated disabled individuals by failing to provide accessible facilities on or before January 26, 1992[1] in violation of the ADA.

27. More specifically, Plaintiff is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public, and Plaintiff is further deterred and discouraged from additional travel due to Defendants' ongoing non-compliance with the ADA.

28. Barriers to access that Plaintiff encountered and/or which exist at Defendants' place of public accommodation include, but are not limited to, the barriers identified below:

Site Arrival:

I. There does not appear to be an accessible route from the public sidewalk to the building entrance. See below.
*Defendants fail to provide an accessible route within the site from public streets or sidewalks to the building entrance. See 1991 Standards 4.1.2(1), 2010 Standards 206.2.1, and 2014 NYC 1104.1.*

Public Entrance:

II. The public entrance does not appear to be accessible. See below.
*Defendants fail to provide that at least 50% of all its public*

---

[1] A "place of public accommodation" having ten (10) or fewer employees **and** gross receipts totaling five hundred thousand dollars or less ($500,000.00) shall have until January 26, 1993 to ensure compliance with the ADA.

*NANA QUEENIE LAWRENCE v 240 ELIZABETH OWNER LLC et al*
*Complaint*
*6 | P a g e*

> *entrances are accessible. See 1991 Standards 4.1.3.8(a)(i). Defendants fail to provide that at least 60% of all its public entrances are accessible. See 2010 Standards 206.4.1. Defendants fail to provide that all its public entrances are accessible. See 2014 NYC 1105.1.*

Public Exit:

    III.        The public exit does not appear to be accessible. See below. *Defendants fail to provide accessible means of egress in the number required by the code. See 1991 Standards 4.1.3(9), 2010 Standards 207.1, and 2014 NYC 1007.1.*

    29.    Upon information and belief, the above-listed discriminatory violations are not exhaustive of all ADA violations on the Premises. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph, and measure all the barriers to access that constitute discriminatory acts in violation of the ADA.

    30.    Notice to Defendants prior to initiating suit is not mandated by the ADA. All other conditions precedent to filing suit have been satisfied or are waived by Defendants. Defendants' violations of the ADA have been ongoing despite the ADA mandating compliance by no later than January 26, 1992 (or January 26, 1993).

    31.    Defendants have failed to ensure that their place of public accommodation and the elements therein are in compliance with the Accessibility Standards, the Admin. Code, and the BCCNY, including but not limited to ensuring the maintenance of accessible features.

    32.    The barriers to access within Defendants' place of public accommodation continue to exist.

NANA QUEENIE LAWRENCE *v* 240 ELIZABETH OWNER LLC et al
*Complaint*
7 | P a g e

33. Plaintiff has a realistic, credible, and continuing threat of discrimination from Defendants' non-compliance with the laws prohibiting disability discrimination. The barriers to access within Defendants' place of public accommodation continue to exist and deter Plaintiff.

34. Plaintiff travels frequently to the neighborhood where Defendants' place of public accommodation is located and patronizes places in the neighborhood.

35. Plaintiff intends to patronize Defendants' place of public accommodation after it becomes fully accessible and compliant with the Accessibility Standards, the Admin. Code, and the relevant accessibility portions of the BCCNY.

36. Plaintiff is also a "tester" for the purposes of asserting basic civil rights and monitoring, ensuring, and determining whether Defendants' place of public accommodation is fully accessible and compliant with the Accessibility Standards, the Admin. Code, and the relevant accessibility portions of the BCCNY.

37. Plaintiff intends to patronize Defendants' place of public accommodation as a "tester" to monitor, ensure, and determine whether Defendants' place of public accommodation is fully accessible and compliant with the Accessibility Standards, the Admin. Code, and the relevant accessibility portions of the BCCNY – all for the benefit of those similarly situated to Plaintiff.

*NANA QUEENIE LAWRENCE* **v** *240 ELIZABETH OWNER LLC et al*
*Complaint*
*8 | P a g e*

## **FIRST CAUSE OF ACTION**
## **(VIOLATIONS OF THE ADA)**

38. Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

39. Plaintiff is substantially limited in the life activity of both walking and body motion range, and thus Plaintiff has a disability within the meaning of the ADA. As a direct and proximate result of Plaintiff's disability, Plaintiff uses a wheelchair for mobility, and she has restricted use of her arms and hands.

40. The ADA imposes joint and several liability on both the property owner and the lessee(s) of a public accommodation. 28 C.F.R. 36.201(b).

41. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff full and equal opportunity to use their place of public accommodation, all because Plaintiff is disabled. Defendants' policies and practices have disparately impacted Plaintiff.

42. By failing to comply with the law, Defendants have articulated to disabled persons, such as Plaintiff, that they are not welcome, are objectionable, and are not desired as patrons of Defendants' public accommodation.

43. Defendants have discriminated against Plaintiff by designing and/or constructing a building, facility, and place of public accommodation that is not readily accessible to and usable by the disabled Plaintiff and not fully compliant with the Accessibility Standards.

44. Defendants' place of public accommodation is not fully accessible and fails to provide an integrated and equal setting for the disabled in violation

*NANA QUEENIE LAWRENCE v 240 ELIZABETH OWNER LLC et al*
*Complaint*
9 | P a g e

of 42 U.S.C. §12182 and 28 C.F.R. § 36.203.

45. Upon making alterations to their public accommodation, Defendants failed to make their place of public accommodation accessible to Plaintiff to the maximum extent feasible in violation of 28 C.F.R. §§ 36.402 and 36.406.

46. Defendants failed to make all readily achievable accommodations and modifications to remove barriers to access in violation of 28 C.F.R. § 36.304. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

47. By failing to remove the barriers to access where it is readily achievable to do so, Defendants have discriminated against Plaintiff based on disability in violation of § 302 of the ADA, 42 U.S.C. §12182, and 28 C.F.R. §36.304.

48. In the alternative, Defendants have violated the ADA by failing to provide Plaintiff with reasonable alternatives to barrier removal as required by 28 C.F.R. § 36.305.

49. Defendants' failure to remove the barriers to access constitutes a pattern and practice of disability discrimination in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.202 *et seq.*

50. Admin. Code §§ 19-152 and 7-210 impose a non-delegable duty on property owners to repave, reconstruct, repair, and maintain their abutting public sidewalks. As a result, within the meaning of the ADA, Defendants continuously controlled, managed, and operated the sidewalk abutting the

*NANA QUEENIE LAWRENCE v 240 ELIZABETH OWNER LLC et al*
*Complaint*
10 | P a g e

Premises, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

51. Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the ADA.

52. Defendants have and continue to discriminate against Plaintiff in violation of the ADA by maintaining and/or creating an inaccessible public accommodation.

## SECOND CAUSE OF ACTION
### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

53. Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

54. Plaintiff suffers from various medical conditions that separately and together prevent the exercise of normal bodily functions. Plaintiff cannot perform the life activities of both walking and body motion range. Plaintiff therefore suffers from a disability within the meaning of the Executive Law § 296(21).

55. Defendants have and continue to subject Plaintiff to disparate treatment by denying Plaintiff equal opportunity to use their place of public accommodation, all because Plaintiff is disabled.

56. Defendants discriminated against Plaintiff in violation of New York State Executive Law § 296(2), by maintaining and/or creating an inaccessible place of public accommodation. ELIZABETH, CLARE, and THE SHOP have aided and abetted others in committing disability discrimination.

*Complaint*
11 | P a g e

57. Defendants have failed to make all readily achievable accommodations and modifications to remove barriers to access, in violation of Executive Law § 296(2)(c)(iii).

58. In the alternative, Defendants have failed to provide Plaintiff with reasonable alternatives to barrier removal as required, in violation of Executive Law § 296(2)(c)(iv).

59. It would be readily achievable to make Defendants' place of public accommodation fully accessible.

60. It would not impose an undue hardship or undue burden on Defendants to make their place of public accommodation fully accessible.

61. As a direct and proximate result of Defendants' unlawful discrimination, in violation of New York Executive Law, Plaintiff has suffered and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

62. Plaintiff has suffered damages in the amount of at least **Fifty Thousand Dollars ($50,000.00)** from each Defendant, and the total amount shall be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE ADMINISTRATIVE CODE
### OF THE CITY OF NEW YORK)

63. Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

64. Plaintiff suffers from various medical conditions that separately and

NANA QUEENIE LAWRENCE v 240 ELIZABETH OWNER LLC et al
*Complaint*
*12 | P a g e*

together impair Plaintiff's bodily systems – in particular, the life activities of both walking and body motion range – and thus, Plaintiff has a disability within the meaning of the Admin. Code § 8-102(16).

65. The Local Civil Rights Restoration Act of 2005 (the "Restoration Act"), also known as Local Law 85, clarified the scope of the Admin. Code in relation to New York City's Human Rights Law. The Restoration Act confirmed the legislative intent to abolish "parallelism" between the Admin. Code and the Federal and New York State anti-discrimination laws by stating as follows:

> The provisions of this title shall be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York State civil and human rights laws, including those laws with provisions comparably-worded to provisions of this title, have been so construed.

RESTORATION ACT § 7, *amending* ADMIN. CODE § 8-130.

The Restoration Act is to be construed as broadly in favor of Plaintiff as possible.

66. Defendants have and continue to subject Plaintiff to disparate treatment and disparate impact by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their place of public accommodation, all because of Plaintiff's disability, in violation of the Admin. Code § 8-107(4). Each Defendant has aided and abetted others in committing disability discrimination.

67. Defendants have discriminated and continue to discriminate against Plaintiff, in violation of the Admin. Code § 8-107(5)(b), by designing, creating, and/or maintaining an inaccessible commercial facility/space.

NANA QUEENIE LAWRENCE *v* 240 ELIZABETH OWNER LLC et al
*Complaint*
13 | P a g e

68. Defendants have subjected and continue to subject Plaintiff to disparate treatment by directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space, all because of Plaintiff's disability, in violation of the Admin. Code § 8-107(5)(b).

69. In violation of Admin. Code § 8-107(6), Defendants have subjected and continue to aid and abet, incite, compel, and/or coerce each other in each of the other Defendants' attempts to, and in their acts of, directly and indirectly refusing, withholding, and denying the accommodations, advantages, facilities, and privileges of their commercial facility/space and the place of public accommodation therein, all because of Plaintiff's disability, as well as other acts, in violation of the Admin. Code.

70. Admin. Code §§ 19-152 & 7-210 impose a non-delegable duty on the property owner to repave, reconstruct, repair, and maintain its abutting public sidewalk. As a result, Defendants continuously controlled, managed, and operated the sidewalk abutting the Premises, which includes the portion of the sidewalk constituting the entrance to Defendants' place of public accommodation.

71. Defendants' failure to construct and maintain an accessible entrance from the public sidewalk to Defendants' place of public accommodation constitutes disability discrimination in a violation of the Admin. Code.

72. Defendants discriminated against Plaintiff, in violation of the Admin. Code § 8-107(4) and Local Law 58, by maintaining and/or creating an

*NANA QUEENIE LAWRENCE* v *240 ELIZABETH OWNER LLC et al*
*Complaint*
*14 | P a g e*

inaccessible public accommodation.

73. As a direct and proximate result of Defendants' unlawful discrimination, in violation of the Admin. Code, Plaintiff has suffered and continues to suffer emotional distress, including but not limited to humiliation, embarrassment, stress, and anxiety.

74. Defendants' long-standing refusal to make their place of public accommodation fully accessible was deliberate, calculated, egregious, and undertaken with reckless disregard to Plaintiff's rights under the Admin. Code.

75. By failing to comply with the law, Defendants have articulated to disabled persons, such as Plaintiff, that they are not welcome, are objectionable, and are not desired as patrons of Defendants' public accommodation.

76. Defendants' unlawful discriminatory conduct constitutes malicious, willful, and wanton violations of the Admin. Code, for which Plaintiff is entitled to an award of punitive damages. ADMIN. CODE § 8-502.

77. By refusing to make their place of public accommodation accessible, Defendants have unlawfully profited from their discriminatory conduct by collecting revenue from a non-compliant space and pocketing the money that they should have lawfully expended to pay for a fully compliant and accessible space. Defendants' unlawful profits plus interest must be disgorged.

78. Plaintiff has suffered damages in the amount of at least **Fifty Thousand Dollars ($50,000.00)** from each Defendant and the total amount shall be determined at trial.

NANA QUEENIE LAWRENCE v 240 ELIZABETH OWNER LLC et al
*Complaint*
15 | P a g e

## FOURTH CAUSE OF ACTION
### (COMMON LAW NEGLIGENCE)

79. Plaintiff realleges and incorporates by reference all the allegations set forth in this Complaint as if fully set forth herein.

80. Defendants negligently designed, constructed, operated, repaired, and maintained their place of public accommodation, located at the Premises, in a manner that has rendered their place of public accommodation unsafe to the disabled Plaintiff.

81. At all relevant times, Defendants, who hold their property open to the public, have had a duty to patrons such as Plaintiff to design, construct, operate, repair, and maintain their place of public accommodation, located at the Premises, in a reasonably safe condition, including a duty to comply with the Admin. Code.

82. Defendants breached their duty by negligently designing, constructing, operating, repairing, and maintaining their place of public accommodation, located at the Premises, in a manner that has unreasonably endangered Plaintiff's physical safety and caused Plaintiff to fear for Plaintiff's safety.

83. Defendants' failure to design, construct, operate, repair, and maintain their place of public accommodation, located at the Premises, is not safe to the disabled.

84. As a direct result of Defendants' negligence, Plaintiff has suffered and continues to suffer emotional distress damages in an amount to be

determined at trial.

## INJUNCTIVE RELIEF

85. Plaintiff will continue to experience unlawful discrimination as a result of Defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order Defendants to alter and modify their place of public accommodation and their operations, policies, practices, and procedures.

86. Injunctive relief is also necessary to make Defendants' facilities readily accessible to and usable by Plaintiff, in accordance with the above-mentioned laws.

87. Injunctive relief is further necessary to order Defendants to provide auxiliary aids or services, modification of their policies, and/or provisions of alternative methods in accordance with the ADA, Executive Law, and the Admin. Code.

## DECLARATORY RELIEF

88. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by Defendants against Plaintiff, and as to required alterations and modifications to Defendants' place of public accommodation, facilities, goods, and services, and to Defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES, AND COSTS

89. In order to enforce Plaintiff's rights against Defendants, Plaintiff has retained counsel and are entitled to recover attorney's fees, expenses, and costs,

NANA QUEENIE LAWRENCE v 240 ELIZABETH OWNER LLC et al
*Complaint*
17 | P a g e

pursuant to the ADA and the Admin. Code. 42 U.S.C. § 12205; 28 C.F.R. § 36.505; and Admin. Code § 8-502.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants, jointly and severally, in favor of Plaintiff, that contains the following relief:

A. Enter declaratory judgment declaring that Defendants have violated the ADA and its implementing regulations, the Executive Law, and the Admin. Code, and declaring the rights of Plaintiff as to Defendants' place of public accommodation, and Defendants' policies, practices, and procedures; and

B. Issue a permanent injunction ordering Defendants to close and cease all business until Defendants remove all violations of the ADA, the Accessibility Standards, the Executive Law, and the Admin. Code, including but not limited to the violations set forth above; and

C. Retain jurisdiction over Defendants until this Court is satisfied that the Defendants' unlawful practices, acts, and omissions no longer exist and will not reoccur; and

D. Award at least **FIFTY THOUSAND DOLLARS ($50,000.00)** to Plaintiff as compensatory damages, per defendant, plus pre-judgment interest, as a result of Defendants' violations of the Executive Law and the Admin. Code; and

E. Award at least **FIFTY THOUSAND DOLLARS ($50,000.00)** to Plaintiff as

NANA QUEENIE LAWRENCE *v* 240 ELIZABETH OWNER LLC et al
*Complaint*
18 | P a g e

punitive damages, per defendant, in order to punish and deter Defendants for their violations of the Admin. Code; and

F. Award reasonable attorney's fees, costs, and expenses, pursuant to the Admin. Code; and

G. Find Plaintiff is the prevailing party in this litigation and award reasonable attorney's fees, costs, and expenses, pursuant to the ADA; and

H. Any such other and further relief this Court shall deem just and proper.

Dated: Syosset, New York
September 24, 2024

Respectfully submitted,
BELL LAW GROUP, PLLC

By: _____
Jessica E. Soultanian-Braunstein, Esq.
*Attorneys for Plaintiff,*
NANA QUEENIE LAWRENCE
116 Jackson Avenue
Syosset, NY 11791
516-280-3008
JSB@BellLG.com

TO: 240 ELIZABETH OWNER LLC
50 West 47th Street, Suite 2017
New York, New York 10036

CLARE V., LLC
c/o Clare Vivier
3010-3012 Worthen Street
Los Angeles, California 90039

CLARE V., THE SHOP, NEW YORK, LLC
2828 Newell Street,
Suite 2
Los Angeles, California 90039